UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON CHAVEZ, also known as Raymond Chavez, also known as Raymon Chavez, | No. 1:18-cv-01270-SKO (HC) |
| Petitioner, | **FINDINGS AND RECOMMENDATION THAT THE COURT DISMISS THE PETITION AS UNTIMELY** |
| v. | |
| M.E. Spearman, Warden, | **COURT CLERK TO ASSIGN DISTRICT JUDGE** |
| Respondent. | |
| | **(Doc. 1)** |

**Screening Order**

Petitioner, Ramon Chavez, is a state prisoner proceeding *pro se* with a petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner presents one grounds for habeas relief,

ineffective assistance of counsel.

**I.     Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary

review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly

appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules

Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

The Ninth Circuit has held that a district court may *sua sponte* dismiss a petition for writ of habeas corpus on the ground that it is untimely, so long as the court provides the petitioner with adequate notice of its intent to dismiss and an opportunity to respond. *Herbst v. Cook*, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

## II. Procedural Background

On July 5, 2000, Petitioner pled guilty to robbery (Cal. Penal Code § 211). On March 21, 2003, he pled guilty to first degree murder, (Cal. Penal Code § 187(a)), and judgment was entered on that date.

On October 1, 2008, Petitioner filed a petition for writ of habeas corpus with the Stanislaus County Superior Court, which was denied on November 24, 2008. On February 20, 2014, the Stanislaus County Superior Court denied Petitioner's second petition for writ of habeas corpus. On March 13, 2014, the California Court of Appeal denied Petitioner's petition for writ of habeas corpus. On September 24, 2014, the California Supreme Court denied Petitioner's petition for writ of habeas corpus.

## III. Standard of Review

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. *Lindh v. Murphy*, 521 U.S. 320, 327 (1997). AEDPA provides a one-year period of limitation in which a petitioner may file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period is measured from the latest of:

1

2      (A)     the date on which the judgment became final by conclusion
       of direct review or the expiration of the time for seeking such review;
3

4      (B)     the date on which the impediment to filing a State action in
       violation of the Constitution or laws of the United States is removed,
       if the applicant was prevented from filing by such state action;
5

6      (C)     the date on which the constitutional right asserted was
       initially recognized by the Supreme Court and made retroactively
       applicable to cases on collateral review; or
7

8      (D)     the date on which the factual predicate of the claim or claims
       presented could have been discovered through the exercise of due
       diligence.
9

10   28 U.S.C. § 2244(d)(1).

11       The limitations period is tolled during the time that a "properly filed" application for review

12   is in state court.  § 2244(d)(2) ("The time during which a properly filed application for State post-

13   conviction or other collateral review with respect to the pertinent judgment or claim is pending

14   shall not be counted toward any period of limitation under this subsection.")

15
**IV.     Petitioner's Petition Is Untimely**
16

17       Here, there is no record that Petitioner directly appealed his sentence with the California

18   Court of Appeal or the California Supreme Court.  Therefore, direct review in the State of California

19   ended on May 20, 2003, when the 60-day period for filing an appeal in the California Court of

20   Appeal expired.

21       The federal statutory limitations period began on August 18, 2003, following the expiration

22   of the 90-day period to file a petition for writ of certiorari in the United States Supreme Court.

23   Accordingly, the one-year statutory limitations period expired on August 17, 2004.  Petitioner filed

24   his petition for writ of habeas corpus with this court on September 10, 2018; consequently, unless

25   Petitioner is entitled to statutory or equitable tolling, the petition is untimely.

26

27   //

28

3

The limitations period is not tolled from the time the state court issues a final decision on direct appeal to the time the first state collateral challenge is filed, because there is no case "pending" in state court during this interval. *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) (citing *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006)).

Based on the pending petition, as well as the California courts' information, Petitioner did not file his first state post-conviction collateral action until October 1, 2008, long after the limitations period expired on August 17, 2004. Because Petitioner's limitations period expired before he filed his petition with the state court, this filing does not extend his limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does permit the reinitiation of the limitations period that has ended before the state petition was filed."); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Consequently, Petitioner's petition is untimely and the Court recommends the petition be dismissed.

## V.     Petitioner Is Not Entitled to Equitable Tolling

In his petition, Petitioner contends he did not understand the deadlines to file his petition because he does not have legal experience.

The one-year statutory period is intended to protect the federal judicial system from having to address stale claims. *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003). To effectuate that objective, the bar to achieve equitable tolling is set very high. *Id.* A habeas petitioner is entitled to equitable tolling of the one-year statute of limitations only if the petitioner shows that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 634, 648 (2010); *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). The petitioner bears the burden of alleging facts sufficient to support equitable tolling. *Pace v. Di Guglielmo*, 544 U.S. 408, 418 (2005).

To satisfy the first prong, the petitioner must demonstrate reasonable diligence. *Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir. 2010). Failure to act diligently throughout the time at issue will break the link of causation between the extraordinary circumstance and the failure to timely pursue relief. *See Spitsyn v. Moore*, 345 F.3d 796, 802 (9th Cir. 2003) (finding equitable tolling unavailable when the petitioner failed to exercise reasonable diligence under the circumstances that he faced); *Guillory*, 329 F.3d at 1016 (in the absence of diligent effort, extraordinary circumstance did not mandate equitable tolling); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (denying equitable tolling when the petitioner's own conduct rather than external forces accounted for the untimely filing).

"[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006). A court should "permit equitable tolling of AEDPA's limitations period 'only if extraordinary circumstances beyond a prisoner's control make it impossible to file a claim on time.'" *Miles*, 187 F.3d at 1107 (quoting *Calderon v. United States District Court*, 163 F.3d 530, 541 (9th Cir. 1998), *abrogated on other grounds*, *Woodford v. Garceau*, 538 U.S. 202 (2003)). The petitioner must show that an external force caused the petition's untimeliness, not "oversight, miscalculation, or negligence." *Waldon-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). A court should determine whether the circumstances are extraordinary using a flexible case-by-case approach, looking for special circumstances that warrant special treatment in an appropriate case. *Holland*, 130 S.Ct. at 2563.

Allegations that a petitioner lacked legal knowledge do not constitute extraordinary circumstances since nearly all inmates lack legal knowledge and rely on the legal assistance of untrained jailhouse lawyers. *See, e.g., Fisher v. Ramirez-Palmer*, 219 F. Supp. 2d 1076, 1080-81 (E.D. Cal. 2002); *Wilson v. Bennett*, 188 F. Supp. 2d 347, 353-54 (S.D.N.Y. 2002); *Henderson v.*

5

*Johnson*, 1 F. Supp. 2d 650, 655 (N.D. Tex. 1998). Equitable tolling is not warranted based on a petitioner's lack of understanding of the law. *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (finding that the petitioner's *pro se* status, the law library's missing some reporter volumes, and the petitioner's reliance on busy inmate helpers were not extraordinary circumstances "given the vicissitudes of prison life"); *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (finding *pro se* petitioner's illiteracy and lack of legal knowledge insufficient to justify equitable tolling).

Because the circumstances leading to Petitioner's untimely submission of his habeas petition were not extraordinary, the undersigned recommends that the Court find that Petitioner is not entitled to equitable tolling of the statute of limitations.

## VI.     Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

> (A) the final order in a habeas corpus proceeding in which the

6

detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that the petition is barred by the statute of limitations to be debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the undersigned recommends that the Court decline to issue a certificate of appealability.

## VII. Conclusion and Recommendation

The undersigned recommends that the Court dismiss the Petition for writ of habeas corpus with prejudice and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

7

Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court Clerk is hereby directed to assign a district judge to this action.


IT IS SO ORDERED.

Dated:   **October 1, 2018**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE